UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————
                                          :
EURO-NOTIONS FLORIDA, INC.,               :
                                          :
              Plaintiff,                  :
                                          :        Before: Richard K. Eaton, Judge
       v.                                 :
                                          :        Court No. 25-00595
U.S. CUSTOMS AND BORDER                   :
PROTECTION; RODNEY S. SCOTT, in           :
his official capacity as Commissioner of  :
U.S. Customs and Border Protection;       :
and the UNITED STATES,                    :
                                          :
              Defendants.                 :
————————————————————:

**ORDER**

Plaintiff Euro-Notions Florida, Inc. ("Plaintiff") is the importer of record of entries that entered the United States subject to duties imposed by various Executive Orders pursuant to the International Emergency Economic Powers Act ("IEEPA"). Plaintiff commenced this lawsuit seeking, inter alia, injunctive and monetary relief, including a "refund [of] all challenged IEEPA tariffs Plaintiff has deposited to date and at any future point with interest as provided by law." Compl. at 11, ECF No. 2.

Plaintiff's entries are among the millions of entries that were entered subject to IEEPA duties, which the Supreme Court ruled unlawful in *Learning Resources, Inc. v. Trump*, 2026 WL 477534 (U.S. Feb. 20, 2026). All importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision.

In *Trump v. CASA, Inc.*, the Supreme Court held "that universal injunctions are impermissible." 606 U.S. 831, 865 (2025). That holding, however, does not apply to the orders that will be issued in this case. The Court's discussion of "whether, under the Judiciary Act of

1789, federal courts have equitable authority to issue universal injunctions" does not constitute a legal direction to this Court. *Id.* at 839. Nearly 200 years after the Judiciary Act of 1789, the United States Court of International Trade was established pursuant to the Customs Courts Act of 1980, Pub. L. No. 96-417, 94 Stat. 1727 (codified as amended in scattered sections of 28 U.S.C.). To that end the Court was provided with national geographic jurisdiction. *See* 28 U.S.C. § 1581.

The Court was also given exclusive subject matter jurisdiction to hear claims like those presented in this case. This exclusive jurisdiction was recently acknowledged by the Supreme Court. *See Learning Res., Inc.*, 2026 WL 477534, at *6 n.1 ("We agree with the Federal Circuit that the *V.O.S. Selections* case falls within the exclusive jurisdiction of the [United States Court of International Trade]."). That is, the parties to a case in no other court will be bound by this order. Moreover, when establishing this Court, Congress cited "[c]onsiderations of judicial economy, and the need to increase the availability of judicial review in the field of international trade in a manner which results in uniformity without sacrificing the expeditious resolution of import-related disputes." 126 CONG. REC. S13344 (daily ed. Sept. 24, 1980) (statement of Sen. Dennis DeConcini). The Constitution requires this uniformity. U.S. CONST. art. I § 8, cl. 1 (providing that "all Duties, Imposts and Excises shall be uniform throughout the United States").

Finally, the Chief Judge has indicated that I am the only judge who will hear cases pertaining to the refund of IEEPA duties. So there is no danger that another Judge, even one in this Court, will reach any contrary conclusions. To find otherwise would be to thwart the efficient administration of justice and to deny those importers who have filed suit the efficient resolution of their claims, and to deny entirely importers who have not filed suit the benefit of the *Learning Resources* decision.

Accordingly, it is hereby

**ORDERED** that, with respect to any and all unliquidated entries that were entered subject to IEEPA duties, U.S. Customs and Border Protection is hereby directed to liquidate those entries without regard to the IEEPA duties. Any liquidated entries for which liquidation is not final shall be reliquidated without regard to those duties. Any liquidated entries for which liquidation is final shall be reliquidated without regard to the IEEPA duties. For the avoidance of doubt, nothing in this order addresses issues concerning duty free de minimis treatment under 19 U.S.C. § 1321 that are otherwise before this Court. *See Axle of Dearborn, Inc. v. Department of Commerce et al.* (1:25-cv-00091-3JP).

**ORDERED** that this order is suspended to the extent that it requires immediate compliance.

_/s/ Richard K. Eaton_____
Judge

Dated: April 7, 2026
       New York, New York