**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

| | |
|---|---|
| EURO-NOTIONS FLORIDA, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES, U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection,<br><br>    Defendants. | Court No. 25-00595 |

**DECLARATION OF BRANDON LORD**
**RESPONDING TO APRIL 8, 2026 COURT ORDER**

I, Brandon Lord, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me in the course of my employment, hereby make the following declaration with respect to the above-captioned matter:

1.  I am the Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs and Border Protection (CBP), a position I have held since July 2022.   In my role, I lead CBP's strategic efforts to enforce and protect the revenue, including the implementation of tariff measures under Section 232 of the Trade Expansion Act of 1962 and the International Emergency Economic Powers Act (IEEPA).   I lead the administration of priority international trade issues, including Tariffs and Trade Remedies, Intellectual

1

Property Rights, Free Trade Agreements, Import Safety, Textiles and Antidumping and Countervailing Duties.  Previously, I served as the Acting Executive Director for Trade Policy and Programs, Office of Trade, from March 2021 until November 2021, and as the Deputy Executive Director for Trade Policy and Programs, Office of Trade, from November 2017 until July 2022.

2. CBP is developing a new capability within its system of record for imported merchandise — the Automated Commercial Environment (ACE) — to prepare to calculate and provide valid refunds of additional *ad valorem* duties imposed under IEEPA.  This new ACE functionality is called the Consolidated Administration and Processing of Entries (CAPE).  CBP is designing CAPE with four integrated components:

- Claim Portal,

- Mass Processing,

- Review and Liquidation/Reliquidation, and

- Refund

Please refer to my declaration filed March 12, 2026,[1] for a description of each component.  The overall status of CBP's development of CAPE along with component-specific development is discussed below.

**OVERALL CAPE DEVELOPMENT STATUS**

3. As of April 14, 2026, CBP has completed the primary development of all components and functionalities for CAPE Phase 1.  The agency has transitioned to an intensive testing

---

[1] All of my prior declarations pertaining to CBP's refund of IEEPA duties filed in *Atmus Filtration, Inc. v. United States*, 1:26-cv-01259-RKE, accompany this declaration as exhibits.  My declaration filed on March 4, 2026 (ECF 19), is attached as Exhibit A.  My declaration filed on March 6, 2026 (ECF 31), is attached as Exhibit B.  My declaration filed on March 12, 2026 (ECF 39), is attached as Exhibit C.  My declaration filed on March 19, 2026 (ECF 47), is attached as Exhibit D.  My declaration filed on March 31, 2026 (ECF 51) is attached as Exhibit E.

posture, focused on performance and scenario-based testing of all CAPE components and the remediation of any defects identified during testing.

    a. CBP estimates that its overall development, including testing, of the Claim Portal component is 95% complete.

    b. CBP estimates that its overall development, including testing, of the Mass Processing component is 85% complete.  Since March 30, 2026, CBP has completed development of the capabilities and revised parameters described in my declaration filed on March 31, 2026, attached as Exhibit E, and has shifted its focus to performance and scenario-based testing of this component.

    c. CBP estimates that its overall development, including testing, of the Review and Liquidation/Reliquidation component is 90% complete.

    d. CBP estimates that its overall development, including testing, of the Refund component is 90% complete.

**ELECTRONIC REFUND ENROLLMENT**

4. As I explained in my declaration filed on March 31, 2026, attached as Exhibit E, CBP's systems are designed to issue refunds to the importer of record (IOR) or a party the IOR has designated to receive refunds on its behalf on a CBP Form 4811 ("4811 Designee"). As of February 6, 2026, those refunds are issued electronically in accordance with Executive Order 14247, *Modernizing Payments To and From America's Bank Account*, 90 Fed. Reg. 14,001 (Mar. 25, 2025) and CBP's January 2, 2026, Interim Final Rule.  I further explained that CBP continues to issue messaging to the trade community regarding this new requirement and to provide information about how to complete the process to receive electronic refunds.

5. As of April 9, 2026, 56,497 IORs have either completed the process to receive electronic

refunds for all of their IEEPA entries or a 4811 Designee has done so on behalf of the IOR for all of the IOR's IEEPA entries. Additional entities (IORs and 4811 Designees) continue to complete the process to receive electronic refunds daily.

6. In total, refunds can be issued electronically for approximately 82% of entries with IEEPA duty payments and/or duty deposits. The principal amount of IEEPA duty payments and/or duty deposits for these entries is approximately $127 billion.

## PRE-LIQUIDATION REFUNDS

7. The agency continues to consider options for pre-liquidation refunds for suspended entries subject to antidumping and/or countervailing duty (AD/CVD) orders.

8. CBP's standard refund process is largely automated and occurs at liquidation, allowing both principal and interest to be refunded together, after accounting for any offsets to satisfy open bills. Conversely, pre-liquidation refunds, also known as administrative refunds, occur prior to liquidation, require manual processing, and are limited to the principal amount, because, pursuant to 19 U.S.C. § 1505(c), interest cannot be refunded until liquidation. The administrative refund process requires CBP to manually adjust the collection record in ACE, move funds to suspense accounts, and generate manual refunds.

9. Approximately 166,000 entry summaries subject to AD/CVD orders have been filed, with $2.9 billion of IEEPA duties paid on the entries. To issue administrative refunds for these entries, the manual refund process described in paragraph 8 would need to be repeated for each entry individually, dramatically increasing the workload and diverting personnel from fully carrying out the agency's commercial trade operations and trade enforcement mission.

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 14th day of April, 2026.

Brandon Lord
Executive Director
Trade Programs
Office of Trade
U.S. Customs and Border Protection