UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| | : | |
| EURO-NOTIONS FLORIDA, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Before: Richard K. Eaton, Judge |
| v. | : | |
| | : | Court No. 25-00595 |
| U.S. CUSTOMS AND BORDER | : | |
| PROTECTION; RODNEY S. SCOTT, in | : | |
| his official capacity as Commissioner of | : | |
| U.S. Customs and Border Protection; | : | |
| and the UNITED STATES, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

At a closed conference held on May 27, 2026, the court and participants discussed the

Declaration of Brandon Lord, Executive Director, Trade Programs Directorate, Office of Trade,

U.S. Customs and Border Protection, dated May 26, 2026, (ECF No. 30), which provided updated

information on the progress of U.S. Customs and Border Protection's ("Customs") Consolidated

Administration and Processing of Entries ("CAPE") program. Since CAPE was launched on April

20, 2026, declarations that have been accepted for processing represent approximately $85 billion

in anticipated International Emergency Economic Powers Act ("IEEPA") refunds.

Also discussed were issues that some importers have experienced when seeking IEEPA

refunds, including with respect to entries with claims under Heading 9817 of the Harmonized Tariff

Schedule of the United States.

It is worth noting that Customs continues to update the Frequently Asked Questions

("FAQ") section of its IEEPA Duty Refunds website. Recent updates include information regarding

Court No. 25-00595                                                                 Page 2

reconciliation entries, and the court directs the attention of those who have IEEPA-related reconciliation questions to the FAQ.

In addition, the court announced the issuance of an order to show cause in *V.O.S. Selections, Inc. v. United States*, Court No. 25-00066, as to why it should not remove the suspension of immediate compliance with its order that Customs liquidate or reliquidate, without regard to IEEPA duties, all entries entered subject to those duties. By removing the suspension of immediate compliance, the court would address the issue of providing refunds to those importers that have paid IEEPA duties on entries that have become finally liquidated. For any such entries, the Government has previously indicated that it would provide refunds only to those importers who have brought suit in this Court, and where a court order directs the refund. The court's order in *V.O.S. Selections, Inc.* directs refunds for all importers who have paid IEEPA duties on entries, including those whose liquidations have become final, whether the importer has brought suit or not. The court is particularly concerned about the millions of informal entries where liquidation was simultaneous, or nearly simultaneous, with the time of entry, and for which the liquidation is now final. To date, the Government has not presented a proposal as to how to address these entries.

Upon consideration of Mr. Lord's Declaration, and the papers and proceedings had herein, it is hereby

**ORDERED** that Defendant shall file, by 12:00 p.m. EDT on Wednesday, June 10, 2026, a short report on the progress of CAPE. A closed settlement conference will be held in person and via Webex at 2:00 p.m. on Thursday, June 11, 2026.

    /s/ Richard K. Eaton    
Judge

Dated: May 27, 2026
      New York, New York