**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, SENIOR JUDGE**

EURO-NOTIONS FLORIDA, INC.,

      Plaintiff,

  v.

UNITED STATES, U.S. CUSTOMS AND
BORDER PROTECTION; and RODNEY S.
SCOTT, in his official capacity as
Commissioner of U.S. Customs and Border
Protection,

      Defendants.

Court No. 25-00595

**DECLARATION OF BRANDON LORD**
**RESPONDING TO JUNE 12, 2026 COURT ORDER**

I, Brandon Lord, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge
and information made known to me in the course of my employment, hereby make the following
declaration with respect to the above-captioned matter:

1. I am the Executive Director, Trade Programs Directorate, Office of Trade, U.S. Customs
   and Border Protection (CBP), a position I have held since July 2022.   In my role, I lead
   CBP's strategic efforts to enforce and protect the revenue, including the implementation
   of tariff measures under Section 232 of the Trade Expansion Act of 1962 and the
   International Emergency Economic Powers Act (IEEPA).   I lead the administration of
   priority international trade issues, including Tariffs and Trade Remedies, Intellectual

1

Property Rights, Free Trade Agreements, Import Safety, Textiles and Antidumping and Countervailing Duties.  Previously, I served as the Acting Executive Director for Trade Policy and Programs, Office of Trade, from March 2021 until November 2021, and as the Deputy Executive Director for Trade Policy and Programs, Office of Trade, from November 2017 until July 2022.

2. CBP has developed a new capability within its system of record for imported merchandise — the Automated Commercial Environment (ACE) — to calculate and provide valid refunds of additional *ad valorem* duties imposed under IEEPA.  This new ACE functionality is called the Consolidated Administration and Processing of Entries (CAPE).

3. The first phase of the CAPE functionality became available for use by importers and their brokers in ACE at 7:11am eastern time on Monday, April 20, 2026.  As of 3pm eastern time on Monday, June 29, 2026, 213,939 CAPE declarations have been submitted, of which 149,840 CAPE declarations passed the file validations.[1]  The primary reasons that CAPE declarations fail the file validations are:  (1) Importer of record or filer mismatches on CAPE declarations, (2) Entry Number validations (e.g., entry number is incorrect length; entry number does not exist), (3) .CSV file not in alignment with the template published in the ACE portal.

4. As of 3pm eastern time on Monday, June 29, 2026, (a) the CAPE declarations that passed the file validations cover 18.1 million entries with IEEPA duties that passed the entry-specific validations and were accepted for the removal of IEEPA duties through CAPE;[2]

---

[1] Please refer to ¶3.a of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed April 14, 2026, ECF 15, for a description of the file validations performed by the CAPE functionality after a CAPE Declaration is submitted.

[2] Please refer to ¶3.b of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed

(b) 15.92 million of the accepted entries have subsequently been liquidated and/or reliquidated without IEEPA duties; and (c) 4.36 million entries included on CAPE declarations failed the entry level validations for the following primary reasons: the entry date is past CBP's 90 day re-liquidation authority, the entry does not contain a Chapter 99 Harmonized Tariff Schedule number used to assess IEEPA duties, or the entry was already filed on a prior CAPE declaration.

5. As of 3pm eastern time on Monday, June 29, 2026, approximately $104.29 billion in both potential and certified refunds have been accepted for processing in CAPE. Of this total amount, refunds (duties plus interest) of approximately $71.06 billion have been completed using the CAPE Refund component,[3] certified by the agency, and sent to the U.S. Department of Treasury ("Treasury") for disbursement. CBP's financial accounting system receives updates from Treasury that indicate these CBP certified refunds are being regularly dispersed. CBP continues to review and finalize the outstanding potential refunds via CAPE's Review and Liquidation/Reliquidation component.[4]

6. As of 3pm eastern time on Monday, June 29, 2026, 8,384 refunds have not been transmitted to Treasury because Automated Clearing House account information has not been provided by the importer of record or its authorized CBP Form 4811 designee.

7. At 5am eastern time on Monday, June 29, 2026, CBP successfully deployed new CAPE functionality for use by importers and their brokers in ACE. This new functionality permits importers and their brokers to include on a CAPE Declaration entries that are

April 14, 2026, ECF 15, for a description of the entry-specific validations performed by the CAPE functionality after a CAPE Declaration successfully passes the file validations.

[3] Please refer to ¶9 of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed April 14, 2026, ECF 15, for a description of the CAPE Refund component.

[4] Please refer to ¶7 of my declaration filed March 12, 2026, also included as Exhibit C to my declaration filed April 14, 2026, ECF 15, for a description of the CAPE Review and Liquidation/Reliquidation component.

unliquidated (or that have liquidated within the preceding 80 days) that were flagged for reconciliation, but for which no Reconciliation Entry (Entry Type 09) has been filed.  As of 5pm eastern time on Tuesday, June 30, 2026, 1.6 million entries flagged for reconciliation have been successfully filed in CAPE and are set for processing.

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 1st day of July, 2026.

Brandon Lord
Executive Director
Trade Programs
Office of Trade
U.S. Customs and Border Protection