**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: RICHARD K. EATON, JUDGE**

| | |
|---|---|
| EURO-NOTIONS FLORIDA, INC., | |
| *Plaintiff*, | |
| v. | Court No. 25-00595 |
| UNITED STATES, | |
| *Defendant*. | |

***AMICUS CURIAE* BRIEF OF
iGLOBAL EXPORTS, LLC, DOING BUSINESS AS ZONOS**

iGlobal Exports, LLC, doing business as Zonos, is one of the few "Qualified Parties" as defined by Executive Order 14324 and certified by U.S. Customs and Border Protection to collect tariffs imposed on international postal shipments and pay those tariffs to CBP. Accordingly, Zonos collected millions of dollars in tariffs imposed under the authority of the International Emergency Economic Powers Act ("IEEPA") from customers shipping goods through the international postal network, and remitted those IEEPA tariffs to the U.S. government.

Zonos files this brief and seeks to appear as *amicus* so that the Court can be fully informed about the need to include those who paid IEEPA tariffs on international postal shipments in the CAPE refund program, in any potential class, or in other Court orders addressing the refund process.

Zonos shares the views expressed by Executive Assistant Commissioner Susan S. Thomas that IEEPA tariffs paid on international postal shipments should be returned to the people who paid those tariffs, including those paid to CBP by Qualified Parties and carriers as authorized by the Executive Order and CBP. *See V.O.S. Selections, Inc. v. United States*, Court No. 25-00066, ECF No. 98-1 (Thomas Decl.) at ¶ 21. Zonos wants to make that happen—it has the information and

1

ability to assist in the process and has conferred with Customs over the past few months encouraging it to develop a plan to refund international mail IEEPA payments. But there has been little mention of this issue in the government's public filings in this case and in *V.O.S. Selections, Inc. v. United States*, Court No. 25-00066.

Zonos is a Utah-based company that was founded in 2009. Since its founding 17 years ago, Zonos has grown into an AI-powered operating system for cross-border trade, providing duty calculations, tariff classifications, and compliance infrastructure for importers both large and small. It is one of the very few platforms selected by Customs to power AI-driven trade compliance and tariff collection for foreign postal shipments.[1] Through partnership with Canada Post, Royal Mail, and many other postal agencies and parcel carriers, Zonos collects tariff payments from customers (including through the Zonos Prepay app) and remits those payments to the U.S. government. This includes IEEPA tariffs.

Executive Assistant Commissioner Susan S. Thomas explained in her June 4, 2026 declaration, "[t]he refunds of IEEPA duties paid for shipments sent to the United States through the international postal network present unique issues and considerations[.]" Thomas Decl. ¶ 21. Specifically, "the duties for such shipments were collected from the sender and remitted to CBP by third parties," like Zonos, "such that CBP has no information or ability to refund the duties directly to the party who paid them[.]" *Id.* But Zonos *does* have that information and *does* have the ability to pay IEEPA tariffs back to the senders of international postal shipments. Zonos shares Executive Assistant Commissioner Thomas's view that the IEEPA tariffs should ultimately be refunded to those senders, and it stands ready to facilitate that.

---

[1] Zonos was certified by CBP to collect and pay duty on international mail shipments on August 21, 2025 (CSMS # 65990231).

"Qualified Parties" such as Zonos are legally appropriate parties for participation in and/or development of the refund process, similar to the roles of importers and customshouse brokers. "Qualified Parties" are established and regulated by CBP,[2] they are required to act as "importers of record,"[3] and their payments are secured by posting of a continuous "importation and entry bond."[4]

Zonos also shares this Court's view that those who paid IEEPA tariffs should not be forced to file a lawsuit to obtain a refund.  *See* ECF No. 31 at 2.  Zonos partners with the government to protect the public fisc; it should not have to become an adversary in litigation to partner with the government again to ensure refunds are paid to the right parties.  Nor should individual senders of international postal shipments be forced into court, as many senders paid less in IEEPA tariffs than this Court's $400 filing fee.

Moreover, it is unclear whether individual senders of international postal shipments would have the ability to directly obtain IEEPA tariff refunds.  The government's filings in this case and in *V.O.S. Selections* still have not addressed whether administrative protests can or will be processed to provide refunds of IEEPA tariffs, let alone administrative protests submitted by senders of international postal shipments.  *See* 19 U.S.C. § 1514(a); 28 U.S.C. § 1581(a) and (i). And given that it was Zonos that directly remitted the IEEPA tariffs to the government, it is unclear whether individual senders could, in fact, come to court.  *See* Thomas Decl. ¶ 21.

---

[2] Executive Order 14324, Section 3 which authorizes CBP to require each Qualified Party to file a "basic import and entry bond…for informal entries valued at or less than $2,500."

[3] CSMS # 65990231 of August 21, 2025 which requires each Qualified Party to file an Importer Identity Form  (Customs Form 5601).

[4] Executive Order 14324, Section 4(d).

The tariffs must be paid back to Zonos's customers somehow—whether that be indirectly through Zonos, or directly from the government to customers with Zonos's assistance. Federal common law "imposes a trust when an entity acts as a conduit, collecting money from one source and forwarding it to its intended recipient," and the government "has no interest in funds that CBP is not empowered to collect." *Southwest Airlines Co. v. United States*, 777 F. Supp. 3d 1318, 1329-30 (Ct. Int'l Trade 2025) (quotation omitted).  The government thus clearly lacks an interest in the IEEPA tariffs that Zonos remitted on behalf of its customers, and those tariffs must be returned.

Accordingly, Zonos urges the Court and the parties to consider those who paid IEEPA tariffs to the government on international postal shipments, in addition to importers, when addressing the expansion of CAPE, class certification proceedings, or other Court orders governing the refund process.

Dated: July 8, 2026

Respectfully submitted,

/s/ Gilbert Lee Sandler
Gilbert Lee Sandler
**SANDLER, TRAVIS & ROSENBERG, P.A.**
5835 Waterford District Drive
Suite 200 & 204
Miami, Florida 33126
(305) 267-9200
LSandler@strtrade.com