**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: RICHARD K. EATON, JUDGE**

| | |
|---|---|
| EURO-NOTIONS FLORIDA, INC., | |
| *Plaintiff,* | |
| v. | Court No. 25-00595 |
| UNITED STATES, | |
| *Defendant.* | |

**RESPONSE OF PROPOSED *AMICUS CURIAE* iGLOBAL EXPORTS, LLC, DOING BUSINESS AS ZONOS, TO THE COURT'S JULY 10, 2026 LETTER**

iGlobal Exports, LLC, doing business as Zonos, respectfully submits the following response to the Court's July 10, 2026 letter, ECF No. 44.

Before addressing the Court's five questions directly, we provide the following background on the mechanism through which Zonos collected and remitted these duties, as the terms "importer of record," "estimated deposits," and "informal entries" do not map cleanly onto that mechanism. We believe this context will assist the Court in evaluating Zonos's answers.

**I.    Background: Duty Collection in the Postal Stream**

Throughout this response, we use "the postal stream" to refer to shipments sent to the United States through the international postal network, as distinct from shipments arriving by other modes (ocean, air cargo, express consignment, etc.), which have always been subject to the entry and importer-of-record framework of 19 C.F.R. Parts 141–145. The postal stream has been treated as a materially different regulatory track. The Court's questions are framed in terms that apply naturally to the non-postal stream, and they do not map cleanly onto the postal stream as a result.

1

**A.      Before August 29, 2025, no customs filing of any kind applied to shipments in the postal stream qualifying for the *de minimis* exemption.**

Shipments valued at $800 or less sent through the international postal network passed free of duty and without any entry being prepared for U.S. Customs and Border Protection ("CBP"), formal or informal. CBP's own rulemaking confirms this directly: "no entry is prepared for shipments claiming *de minimis* in the postal environment." *Indefinite Suspension of the De Minimis Exemption for Mail Shipments and New Postal Informal Entry Process*, 91 Fed. Reg. 37,801, 37,805 (June 24, 2026).  CBP's visibility into the postal stream was limited to security-screening electronic data (ITMATT and PREDES messages under 19 C.F.R. Part 145, Subpart G), unrelated to duty assessment or importer identification.

**B.      Executive Order 14324 created a dedicated duty-collection mechanism for the postal stream, expressly outside the entry process that governs everything else.**

Executive Order 14324 (dated July 30, 2025 and effective August 19, 2025) requires that non-postal shipments formerly eligible for the *de minimis* exemption be entered "using an appropriate entry type in the Automated Commercial Environment [ACE]... by a party qualified to make entry."  Exec. Order 14324 § 2(a). Shipments in the postal stream were expressly excluded from that requirement.  Instead, Section 2(b) of the Order provides that postal shipments "pass free of any duties except those specified in section 3 of this order, and without the preparation of an entry by CBP." *Id.* § 2(b) (emphasis added).

Under this mechanism, CBP certified a small number of "Qualified Parties" to collect and remit the duties described in Section 3 of the Order.  CBP's Cargo Systems Messaging Service (CSMS) # 65990231 (Aug. 21, 2025) certified Zonos as a Qualified Party.  Certification required submission of CBP Form 5106 and a basic importation and entry bond under 19 C.F.R. § 113.62; it did not require, and does not reference, "importer of record" status.  Nor does the Qualified Party

mechanism require licensure as a customs broker: CBP's own published guidance confirms that "a qualified party" is not "required to have a customs broker license." *E-Commerce Frequently Asked Questions*, U.S. Customs & Border Protection, https://www.cbp.gov/trade/basic-import-export/e-commerce/faqs (retrieved July 14, 2026).

Duty collection in the postal stream under this mechanism operates as follows: Zonos aggregates all covered shipments arriving in a given month onto an Excel spreadsheet (the "International Mail Duty Worksheet"), calculates the duty owed on each shipment, and transmits that worksheet to CBP by the 7th day of the following month, at which point Zonos remits the aggregate duty total through Pay.gov.  No entry, formal or informal, is filed in ACE or otherwise for any individual shipment.

**C.    Only in CBP's most recent rulemaking, which postdates the duties at issue here, has CBP introduced an actual importer-of-record designation into the postal stream.**

Effective July 24, 2026, CBP requires that the party filing a postal informal entry be an owner, purchaser, or a licensed customs broker.  *Indefinite Suspension of the De Minimis Exemption for Mail Shipments*, 91 Fed. Reg. at 37,807.  And in the concurrently announced Entry Type 13 Test, commencing September 22, 2026, CBP states for the first time that "[a] consignee who is not an owner or purchaser, such as a foreign postal operator ... must obtain the services of a licensed broker who will act as the importer of record (IOR) for the entry." *Test of the New Electronic Informal Entry Process for Mail*, 91 Fed. Reg. 38,007, 38,008 (June 24, 2026).  This new framework did not exist, in any form, during the period in which the IEEPA duties at issue in this case were collected and remitted through the postal stream.

**II.     Responses to the Court's Questions**

**1.  Does your client have an importer of record identification number(s)?**

**Response:**  Yes.  Zonos has submitted CBP Form 5106, as part of its Qualified Party certification. As explained in Section I.B above, this number is not associated with, and has never been used on, any entry filed with CBP, and Zonos has not been designated "importer of record" within the meaning of 19 C.F.R. Part 141 on any transaction.

**2.  Has your client made estimated deposits of IEEPA duties?**

**Response:**  Yes.  Zonos has remitted calculated duty amounts to CBP under the worksheet-and-Pay.gov mechanism described in Section I.B, which we understand to be liquidated immediately upon payment.  This work stream is again different from how estimated duty deposits associated with an entry summary under 19 U.S.C. § 1484 work.

**3.  Does your client in some way handle informal entries? If so, how?**

**Response:**  No.  As explained in Sections I.A and I.B, no entry, informal or otherwise, is prepared for the postal shipments on which Zonos collected and paid duty during the relevant period.

**4.  When making deposits or paying duties, does your client use an importer of record identification number(s)?**

**Response:**  Zonos uses the CBP-assigned identification number described in response to Question 1 to identify itself to CBP when remitting worksheet payments.  That number does not function as an importer-of-record number because, as explained above, no entry exists for it to attach to.

**5. Do you or does CBP have a record of any estimated or actual duties paid? What do those records consist of?**

**Response:** Zonos's records consist of the monthly International Mail Duty Worksheets submitted to CBP (identifying, for each shipment, the tracking number, country of origin, duty rate, value, and duty owed) and the corresponding Pay.gov payment confirmation numbers. We understand CBP's records to consist of the same worksheets, since it received them directly, though we cannot speak to CBP's own recordkeeping practices.

**III.     Correction to Text and Related Footnote 3 of Zonos's Amicus Brief**

We take this opportunity to correct a typographical error in footnote 3 of Zonos's amicus brief (ECF No. 41-1 at 3), which states that CSMS # 65990231 "requires each Qualified Party to file an Importer Identity Form (Customs Form 5601)": the correct form number is 5106.

We also wish to correct a more substantive error appearing in the text which footnote 3 annotates: Zonos does not act as an "importer of record"; it acts only to "collect and remit duties to CBP" on international postal shipments in lieu of that function otherwise handled by traditional transportation carriers as authorized by Executive Order 14324, Section 3(a).  In implementing that authority, CBP did not use the term "importer of record"; it simply required Zonos (and all Qualified Parties to file CBP Form 5106 and a bond. CSMS # 65990231.  We regret the error and wanted to bring it to the Court's attention directly rather than leave it uncorrected.

Dated: July 16, 2026

Respectfully submitted,

/s/ Gilbert Lee Sandler
Gilbert Lee Sandler
**SANDLER, TRAVIS & ROSENBERG, P.A.**
5835 Waterford District Drive
Suite 200 & 204
Miami, Florida 33126
(305) 267-9200
LSandler@strtrade.com